(No. 18378.—

WILLIAM H. DAVIDS et al. Appellants, vs. ADOLPH DAVIDS et al. Appellees.

*Opinion filed December 20, 1928—Rehearing denied Feb. 6, 1929.*

JOHN STELK, for appellants.

WISNER & WALSH, for appellees.

Mr. COMMISSIONER PARTLOW reported this opinion:

Three of the six heirs of Celie Davids, with their respective spouses, filed a bill in the circuit court of Cook county against the other three heirs and certain tenants and holders of trust deeds, to establish a trust in real estate, to secure a conveyance from the trustee, for an accounting of rents and profits, and for partition. A demurrer was sustained to the amended bill, appellants elected to stand by their bill, it was dismissed for want of equity, and an appeal has been prosecuted to this court.

The amended bill alleged that on May 16, 1918, Celie Davids was the owner of certain real estate in Chicago known as Nos. 3344-3346 South Western avenue; that she died July 12, 1925, leaving three sons, William H., Adolph and Edward Davids, and three daughters, Anna Bealdenaw, Cecilia Geoffrey and Amelia Davids Brooks; that 3344 South Western avenue was improved with a two-story-and-basement brick building in the front and with a frame cottage in the rear; that Anna Bealdenaw and Adolph Davids, with certain tenants, occupied these premises; that 3346 South Western avenue was improved with a cottage having living rooms in the basement and occupied by tenants from month to month; that the rent had been collected by Adolph since July 12, 1925. On May 20, 1918,

there was recorded a warranty deed dated May 16, 1918, from Celie Davids to Adolph conveying the real estate for a consideration of one dollar. On December 9, 1922, there was recorded a warranty deed dated November 6, 1922, from Adolph to Lucile Curtis for the real estate. On January 25, 1923, there was recorded a quit-claim deed dated January 2, 1923, from Lucile Curtis to Adolph conveying the property. On December 9, 1922, there was recorded a trust deed dated December 21, 1921, from Adolph to Walter J. Pfeiffer, trustee, conveying the property to secure a note of $400. On January 25, 1923, there was recorded a trust deed dated January 24, 1923, from Adolph to John H. Touchstone, as trustee, to secure a note of $2500 to the George Green Lumber Company. It was alleged that Celie Davids at the time each of these documents was recorded was in possession of the real estate, exercising all acts of ownership over the same, and claiming that her deed to Adolph had no force and effect until after her death; that all persons named in these documents had notice and knowledge, active or constructive, of her possession and claim; that the real estate was then, and is now, reasonably worth $20,000. The bill further alleged that Adolph on May 16, 1918, and for a long time prior thereto, was living with his mother; that he occupied a confidential and fiduciary relation toward her and exercised a great influence over her; that she was seventy-five years old in May, 1918, was quite feeble and easily led and persuaded; that she was ignorant of business affairs and not acquainted with legal documents; that on May 16, 1918, she decided to make a will to distribute her estate equally among her children; that Adolph induced her to execute and deliver a deed to him by telling her that she could accomplish the same purpose by a deed that she could by a will; that a deed was more effective and less expensive; that she could rely upon him to carry out her wishes in regard to the distribution of her estate, and this would save costs of administration and a year's

delay; that she, believing her son, executed and delivered said deed and instructed him to distribute her estate in equal parts among her children after her death; that the son accepted the conveyance with the instructions and directions and gave no consideration for the conveyance. The bill further alleged that Adolph used and exercised many other undue arts and fraudulent practices and resorted to falsehoods and misrepresentations to induce his mother to execute the deed, and in executing the same she was, in fact, under improper restraint and undue influence from the arts and fraudulent practices of her son; that the deed was executed and delivered as a testamentary disposition, and the son had full knowledge and notice of its character and acquiesced therein; that the conveyance by the son to Lucile Curtis was colorable and without consideration, and whatever title was obtained by her was re-conveyed to Adolph; that the beneficiaries in the two trust deeds, by the exercise of reasonable care and caution, could have ascertained the facts herein recited, and they are not innocent purchasers for value without notice; that by virtue of the premises Adolph holds the title to said real estate in trust for his brothers and sisters in equal parts; that the brothers and sisters have requested Adolph to account for the income since the death of his mother and to convey to them their shares thereof, but he has refused to recognize their rights or to account or convey to them.

The bill made the three children of Celie Davids, the tenants and the holders of the trust deeds, parties defendant. It prayed for an accounting from Adolph Davids of the receipts and expenditures from July 12, 1925, and that he be decreed to hold the title in trust for the children of Celie Davids in equal shares; that he be directed to convey to each of the children an undivided one-sixth of the real estate; that the children be required to agree on an amicable partition and division, and in case they cannot agree, that a partition be made if the same can be done with-

out manifest prejudice, and if the same cannot be divided, that the real estate be sold and the proceeds divided.

Appellees insist that the demurrer was properly sustained, for the reasons that the bill alleged an express trust with no written memorandum to sustain it, and it was void under the Statute of Frauds; that in order to create a trust *ex maleficio* there must be a positive fraud, which was not alleged; that the facts alleged were capable of reasonable explanation on theories other than the existence of a trust, and they would not support a decree; that the bill was contradictory and inconsistent in alleging a conveyance in trust, an acceptance of the trust by the grantee, also a conveyance in trust procured by fraud and undue influence; that the allegations as to fraud are not clear and convincing. Appellants insist that the bill was not based upon an express trust but alleged a constructive trust, and the facts alleged were sufficient to require an answer.

If a deed absolute in form is made upon the verbal promise of the grantee to hold the title in trust for others, and there is no fraud, either positive or constructive, practiced upon the grantor to induce her to make the conveyance, and there is no confidential relation or influence between the grantor and grantee, the trust is an express one, which can not be enforced, under section 9 of chapter 59 of our statutes, as against a plea of the Statute of Frauds. (*Ryder* v. *Ryder*, 244 Ill. 297; *Williams* v. *Williams*, 180 id. 361; *Dick* v. *Dick*, 172 id. 578.) To establish a constructive trust there must be some element of fraud, either positive or constructive, which existed at the time of the transaction, or there must be a confidential relation and undue influence, by virtue of which one has obtained the legal title to property which he ought not to have secured under the rules of equity and good conscience. *Streeter* v. *Gamble*, 298 Ill. 332.

The bill alleges certain express promises which Adolph Davids is claimed to have made, but these promises were

only incidental to the transaction and were not the basis of the bill. The bill was not based upon an express trust but it set up a constructive trust based upon fraud, undue influence and the violation of a confidential and fiduciary relation. It alleged that Adolph was living with his mother; that he occupied a confidential and fiduciary relation towards her and exercised influence over her; that she was old, feeble, easily led and ignorant of business affairs; that she wanted to make a will; that Adolph induced her to make the deed to him by telling her that the deed was better than a will; that she could rely upon him to distribute her estate; that she relied upon him and executed the deed, for which there was no consideration; that he exercised many other undue arts and practices to induce her to execute the deed; that she executed it under improper restraint and undue influence. In *Stahl* v. *Stahl,* 214 Ill. 131, it was held that where the legal title to land is conveyed by a mother to a son, to be held by him in trust for all the children, the conveyance being without consideration and the result of the confidence reposed in the grantee by the mother, a court of equity will not permit the son to betray such confidence but will raise a constructive trust in favor of the children notwithstanding the agreement rests in parol. To the same effect is *Miller* v. *Miller,* 266 Ill. 522.

The bill set up sufficient facts to require an answer, the demurrer was improperly sustained, and the decree will be reversed and the cause remanded, with directions to overrule the demurrer.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*